**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Kenneth R. Foreman, Esq. (032641994)
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel:  (973) 577-6267
Fax: (973) 577-6261
Attorneys for Defendant, Hurricane Express, Inc, improperly pled as Hurricane Express

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH PETRIZZO<br><br>                    Plaintiff<br><br>        vs.<br><br>HURRICANE EXPRESS, PERRY HOWARD LEMONYE, JONATHAN LIMITED, JOHN DOE 1-5 and ABC CORP. 1-5 (names being fictitious as true identities are unknown at this time)<br><br>                    Defendants | Civil Action No.: |

## NOTICE OF REMOVAL

1.      On November 15, 2024,  plaintiff, Joseph Petrizzo, filed a Complaint in the Superior Court of New Jersey, Hudson County, captioned *Petrizzo  v. Hurricane Express, et als*, HUD-L-4244-24.  (See Ex. A Complaint).

2.      Hurricane Express is a named defendant in the Complaint.  Id.

3.      Hurricane Express was served with plaintiff's Complaint on, or at its earliest, December 2, 2024, and the proof of service was filed December 31, 2024.  (See Ex. B filed December 31, 2024 affidavit of service).

4.      Plaintiff filed an amended complaint on December 31, 2024. (See Ex. C, filed amended complaint).  There is no filed proof of service for the amended complaint.

1

5.      Plaintiff generally alleges he suffered personal injuries resulting from an August 27, 2024 motor vehicle collision in Jersey City, New Jersey, involving another vehicle owned by Johnathan Ltd.  (See Ex. A Complaint).

6.      Plaintiff is a citizen of New Jersey.  Id.

7.      Hurricane Express is a citizen of Oklahoma because it is a corporation located, organized and existing there.  (See Ex. D. Vanstory Certification).

8.      Perry Howard is also a citizen and resident of Nevada.  Id.

9.      Here, there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1441(b).

10.     By reason of the foregoing, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs.  Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

11.     Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of the amended complaint from which it may first be ascertained that the case is one which is or has become removable.  Moreover, this Notice of Removal was filed within one year after commencement of the action.

12.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, defendants are serving a copy of this Notice of Removal upon plaintiff and filing a copy with the Clerk of the Superior Court of New Jersey, Hudson County.  Service of same will be automatically made upon counsel via Superior Court eCourts system.

13.     Defendants reserve their right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

14.     Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction, venue or service of process.  Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

**WHEREFORE**, Defendants, Hurricane Express, Inc, improperly pled as Hurricane Express, hereby gives notice of the removal of the above-referenced action now pending in the Superior Court of New Jersey, Hudson County, to the United States District Court for the District of New Jersey.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorneys for Defendant, Hurricane Express, Inc,
improperly pled as Hurricane Express

By: *Kenneth Foreman*
            Kenneth R. Foreman, Esq.

Dated: February 5, 2025

# EXHIBIT A

Attorney(s):              **Michael A. Percario**
Attorney Id No.:          **029991994**
Law Firm:                 **PERCARIO, STRUBEN & CLERICUZIO**
Address:                  **1514 E. SAINT GEORGES AVENUE**
                          **LINDEN, NJ  07036**

Telephone No.:            **(908) 925-9111**
Fax No.:                  **(908) 925-9110**
E-mail:
Attorney(s) for Plaintiff(s): **Joseph Petrizzo**

| | |
|---|---|
| **Joseph Petrizzo,** | SUPERIOR COURT OF NEW JERSEY |
| | **LAW** DIVISION |
| | **HUDSON** COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO.: **HUD-L-4244-24** |
| **Hurricane Express, et al.** | |
| | CIVIL ACTION |
| Defendant(s) | **Summons** |

**FROM THE STATE OF NEW JERSEY**

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **135.00**        and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 11/14    P2/15

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: **November 26, 2024**

*Michelle M. Smith*

**Michelle M. Smith**                *Clerk of the Superior Court*

Name of Defendant to be Served: **Hurricane Express**

Address of Defendant to be Served: **5624 Highway 412, Colcord, OK  74338**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 11/14    P2/15

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510        Page 2

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/21/13*

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10153
Rev. 8/13   P2/15

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 3

PERCARIO STRUBEN & CLERICUZIO
1514 E. St. George Avenue
Linden, New Jersey 07036
(908) 925-9111
N.J. ATTORNEY ID NO: 029991994
Attorney for Plaintiff(s)

------------------------------------

| | |
|---|---|
| JOSEPH PETRIZZO, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| Plaintiff(s) | |
| | |
| v. | CIVIL ACTION |
| | |
| HURRICANE EXPRESS, PERRY HOWARD LEMONYE, JOHN DOE 1-5 and ABC CORP. 1-5 (names being fictitious as true identities are unknown at this time) | COMPLAINT AND DEMAND FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES AND DEMAND FOR INSURANCE INFORMATION |
| Defendant(s) | |

------------------------------------

The plaintiff, Joseph Petrizzo, residing at 40 Audubon Avenue, Jersey City, New Jersey, complaining of the defendants, and each of them, alleges and says:

1. On or about August 27, 2024, plaintiff Joseph Petrizzo was the lawful operator of a motor vehicle traveling in a northerly direction on Danforth Avenue when he stopped at the traffic light at Danforth Avenue and West side Avenue, Jersey City, New Jersey behind the defendants vehicle.

2. At the time and place aforesaid, the defendant Hurricane Express was the owner of a commercial truck negligently operated by their agent, servant and/or

employee defendant Perry Howard Lemonye in a northerly direction on Danforth Avenue at the aforesaid location, as a result of which the defendant, Perry Howard Lemonye, negligently attempted to back up his trunk and struck the front of the plaintiff's vehicle.

3. At the time and place aforesaid, defendants John Doe 1-5 and ABC Corp 1-5 (names being fictitious as true identities are unknown at this time) contributed to the happening of the subject accident.

4. As a direct and proximate result of the negligence of the defendants, and each of them, the plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expenses and has and will be unable to engage in his usual occupation and activities, all to her damage.

WHEREFORE, the plaintiff, Joseph Petrizzo, demands judgment against defendants, and each of them, for damages, interest and costs of suit.

## SECOND COUNT

1. The allegations of the First Count are repeated and incorporated herein as if set forth at length.

2. *Joseph Petrizzo is the owner of the automobile she operated at the time of the accident on or about August 27, 2024.*

3. *As a direct and proximate result of the negligence of the defendants, Hurricane Express and Perry Howard Lemonye, the automobile owned by plaintiff Joseph Petrizzo was damaged herein, depreciated in value, caused to incur storage and rental costs, and she has lost the use and service thereof all to her damage.*

4. *At the time and place aforesaid, defendants John Doe 1-5 and ABC Corporation 1-5 (names being fictitious as true identities are unknown) contributed to the happening of the subject accident.*

*WHEREFORE, plaintiff Joseph Petrizzo demands judgment against the defendants and each of them for damages, interest and costs of suit on the Second Count.*

### JURY DEMAND

*Plaintiff herein demands trial by jury as to all issues of the within Complaint.*

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, MICHAEL A. PERCARIO, ESQ. has been designated as trial counsel in the within matter.

Dated: October 28, 2024

PERCARIO NITTI & STRUBEN

By: _____

MICHAEL A. PERCARIO,
Attorney for plaintiff(s)

## DEMAND FOR INSURANCE INFORMATION

Plaintiff hereby demands that defendants furnish to the undersigned certified true copies of any and all policies of insurance which were in effect on the date of the accident herein which may satisfy part or all of any judgment which may be entered in this accident, or which may indemnify or reimburse for payments made to satisfy the judgment.

## DEMAND FOR ANSWERS TO UNIFORM & SUPPLEMENTAL INTERROGATORIES

Pursuant to R.4:17-1, plaintiff hereby demands answers to Uniform Interrogatories Form C and the attached Supplemental Interrogatories within sixty (60) days of the filing of defendants' Answer to this Complaint.

Dated: October 28, 2024

PERCARIO NITTI & STRUBEN

By: _____

MICHAEL A. PERCARIO,
Attorney for plaintiff(s)

## CERTIFICATION

The undersigned certifies and says he is an attorney at law of the State of New Jersey and is attorney for plaintiff in the within matter. The within matter is not the subject of any other litigation or arbitration proceeding.

Dated: October 28, 2024

PERCARIO NITTI & STRUBEN

By: _____

MICHAEL A. PERCARIO,
Attorney for plaintiff(s)

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to R.4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within thirty (30) days as prescribed by Rules of Court. Additionally, please be advised that the following requested are continuing and ongoing in nature and the defendant is therefore required to continuously update its response thereto as new information or documentation.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident

scene of anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, and contracts between the owner of the property or product involved in the incident in question and any of the parties involved.

6. Copies of any and all contracts between any of the parties involved in the incident in question

7. Copies of any and all documentation concerning any lease agreements between the lessor (s) and the lessee(s) concerning the incident in question.

8. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in

question or any potential defense to the action in question.

9. Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

10. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

11. Copies of any and all discovery received from any other parties to the action in question.

12. Copies of any and all reports of the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

13. Copies of any and all reports and/or other investigations performed by O.S.H.A. or any other investigative authority.

14. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

15.    Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

16.    A list of employees present at the job site or accident site their names, addresses and job titles.

17.    The reports of any and all medical experts who have reviewed and/or performed any examinations in regard to any aspect of this case on behalf of defendant or defendant's attorney and who have submitted either oral or written report to defendant or defendant's attorney.    In event a report was oral; provide a complete summary of said report.

18.    If any motor vehicle violations/summons or any other summons or complaint was issued in connection with this accident or incident, provide copies of any Municipal Court plea dispositions or transcripts relating thereto.

19.    Copies of any drawings or diagrams of the accident scene.

20.    Complete and legible copies of all complaints (lawsuits) filed against these defendants within five years prior to the incident which gives rise to this action, which complaints alleged negligent maintenance of this defendant's premises.

21. Any and all electronic media documents, links, sites, or entries relating to any party or witness in the subject matter that counsel intends to rely upon and use for deposition or trial.

22. With respect to all expert witnesses and expert reports, in the event your expert cites or relies on articles, textbooks, literature, published treatises or any external source in rendering his or her opinions per _N.J.R.E._ 803(c)(18) or otherwise, provide copies of said documents.

Please be advised that plaintiff hereby objects to the taking of any photographs, x-rays, or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

Dated: October 28, 2024

PERCARIO NITTI & STRUBEN

By: _____
MICHAEL A. PERCARIO,
Attorney for plaintiff(s)

## SUPPLEMENTAL INTERROGATORIES (MVA)

1.      State the names and addresses of any and all proposed expert witnesses and attach true copies of all written reports provided to you by any such proposed expert witnesses.   With respect to all expert witnesses, including treating physicians, who are expected to testify at trial and with respect to any person who has conducted an examination pursuant to Rule 4:19, who may testify, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you.  If a report is not written, supply a summary of any oral report provided to you.  State the subject matter on which your experts are expected to testify and a summary of the grounds for each opinion.   If any expert witness will refer to medical literature in trial testimony, identify each such piece and provide a complete and legible copy (ies).

2.      Did the operator of your vehicle see the vehicle with which it collided at any time prior to the moment of impact, estimating in feet the distances the respective vehicles were from to point of impact when the operator of your vehicle first saw the vehicle with which it collided.

3.      State as accurately as you can the speed of the respective vehicles when the operator of your vehicle first saw the vehicle with which it collided.

4.      Did the operator of your vehicle apply the brakes at any time prior to the impact, estimating in feet the distance from the point of impact the brakes were applied and the length, direction and location of any tire or skid marks.

5.      State as accurately as you can the speed of the vehicles at the time of impact.

6.      Describe any obstructions or impediments at or near the scene of the accident that interfered with the visual observations of any of the drivers involved in the accident, with particularity as to their location, size and manner in which they interfered with vision.

7.      At the time of the accident were you in the course of your employment or otherwise performing a task in any way related to your job?

8.      If you allege that this accident was caused in part by a physical condition or defect of any of the drivers involved in the accident, describe fully what, if anything you experienced or observed with regard to that condition or defect.

9.    Did the operator, owner or occupants of your vehicle consume any medication, drugs, and/or alcoholic beverages within a 12-hour period immediately preceding the happening of the accident, indicating the name of the person, kind of medication, drug and/or alcohol taken, the dose, quantity or amount consumed and when and where each of the medication, drug and/or alcohol was consumed.

10.    Where were you coming from prior to the accident and where were you going to prior, to had the accident not occurred?

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____          _____

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306

                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   NOVEMBER 08, 2024
                        RE:     PETRIZZO JOSEPH   VS HURRICANE EXPRESS
                        DOCKET: HUD L -004244 24

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON KIMBERLY ESPINALES-MALONEY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:   (201) 748-4400 EXT 60085.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                                ATT: MICHAEL A. PERCARIO
                                MICHAEL A. PERCARIO
                                1514 EAST ST. GEORGE AVENUE
                                LINDEN          NJ 07036

ECOURTS

# Media Release Form

This Media Release is between ___Lori Hamilton___, Process Server (PS) and Lynne Fluke (Project Owner) whereas Project Owner is publishing a book about Process Servers (The Project) title to be determined, and wishes to include the PS personal story.

I authorize Project Owner to publish my personal story in The Project and to use my personal story in any promotional uses required to promote The Project including, but not limited to, social media, advertising, podcasts, traditional media, interviews, speeches, presentations, websites etc.

It is the intent of The Project to protect the identity of PS. PS real name and geographic location will **not** be revealed in The Project, including any promotional uses, without the explicit written permission from PS.

Project Owner will publish the PS personal story in the first person, but may include edits necessary to maintain grammatical flow, privacy conditions previously agreed to, story size and/or meaning clarifications, all as determined by the Project Owner.

I, PS, understand a final version of my personal story will be sent to me before publishing, and I, PS, need to approve this final version of my personal story in writing for it to be included in The Project.

I, PS, waive any rights to royalties or compensation related to the use of my story for The Project and/or for any promotional uses for the promotion of The Project.

I, PS, acknowledge that I have no interest or ownership or copyright in The Project nor any claim to compensation now or in the future.

Process Server Name ___Lori Hamilton___

✓ I give permission for my first name to be used in The Project (last names will never be identified in your story)

OR,

___I do not give permission for my real name to be used in The Project and request the following alias first name to be used for The Project: _____

I am OK / I am **not** OK with the name of the state in which I currently serve to be included in The Project   (please circle your choice)

Process Server Signature ___Lori Hamilton___          Date: __11|27|2024__

Address:

___208465 Caretree Dr. Claremore, Ok 74019___

# EXHIBIT B

JOSEPH PETRIZZO

**Plaintiff**

VS

HURRICANE EXPRESS, ET AL

**Defendant**

20241126165936

Superior Court Of New Jersey

HUDSON Venue

Docket Number: HUD L 4244 24

**Person to be served** (Name and Address):
HURRICANE EXPRESS
5624 HIGHWAY 412
COLCORD OK 74338
**By serving:** HURRICANE EXPRESS

**Attorney:** MICHAEL A. PERCARIO, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, TRACK ASSIGNMENT
NOTICE, DEMANDS, CERTIFICATIONS, SUPPLEMENTAL
INTERROGATORIES

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**   [X] Served Successfully      [ ] Not Served

Date/Time:   12/2/24        2:01pm

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

Steve Brantly
Authorized Agent

**Description of Person Accepting Service:**

SEX M   AGE: 60   HEIGHT: 6'   WEIGHT: 215   SKIN: white   HAIR: gray   OTHER: glasses

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____3_____ day of _____Dec_____, 20 _24_

Notary Signature: C. West

___C. West___          _____
Name of Notary          Commission Expiration

(Notary Seal: C WEST NOTARY # 0C005777 EXP. 06/13/26 STATE OF OKLAHOMA PUBLIC)

**Docusign Court Approved E-Signature**

I, Lori Hamilton PSS-24-2
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

Lori Hamilton          12/3/20 24
Signature of Process Server          Date

Name of Private Server: Lori Hamilton   Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT C

PERCARIO STRUBEN & CLERICUZIO
1514 E. St. George Avenue
Linden, New Jersey 07036
(908) 925-9111
N.J. ATTORNEY ID NO: 029991994
Attorney for Plaintiff (s)
------------------------------------

| | |
|---|---|
| JOSEPH PETRIZZO, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| Plaintiff(s) | |
| v. | CIVIL ACTION |
| HURRICANE EXPRESS, PERRY HOWARD LEMONYE, JONATHAN LIMITED, JOHN DOE 1-5 and ABC CORP. 1-5 (names being fictitious as true identities are unknown at this time) | AMENDED COMPLAINT AND DEMAND FOR PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES AND DEMAND FOR INSURANCE INFORMATION |
| Defendant(s) | |

------------------------------------

The plaintiff, Joseph Petrizzo, residing at 40 Audubon Avenue, Jersey City, New Jersey, complaining of the defendants, and each of them, alleges and says:

1. On or about August 27, 2024, plaintiff Joseph Petrizzo was the lawful operator of a motor vehicle traveling in a northerly direction on Danforth Avenue when he stopped at the traffic light at Danforth Avenue and West side Avenue, Jersey City, New Jersey behind the defendants vehicle.

2. At the time and place aforesaid, the defendant Hurricane Express and or Jonathan Limited were the owner of a commercial truck negligently operated by their agent,

*servant and/or employee defendant Perry Howard Lemonye in a northerly direction on Danforth Avenue at the aforesaid location, as a result of which the defendant, Perry Howard Lemonye, negligently attempted to back up his trunk and struck the front of the plaintiff's vehicle.*

*3. At the time and place aforesaid, defendants John Doe 1-5 and ABC Corp 1-5 (names being fictitious as true identities are unknown at this time) contributed to the happening of the subject accident.*

*4. As a direct and proximate result of the negligence of the defendants, and each of them, the plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expenses and has and will be unable to engage in his usual occupation and activities, all to her damage.*

*WHEREFORE, the plaintiff, Joseph Petrizzo, demands judgment against defendants, and each of them, for damages, interest and costs of suit.*

### SECOND COUNT

*1. The allegations of the First Count are repeated and incorporated herein as if set forth at length.*

*2. Joseph Petrizzo is the owner of the automobile she operated at the time of the accident on or about August 27, 2024.*

*3. As a direct and proximate result of the negligence of the defendants, Hurricane Express and Perry Howard Lemonye, the automobile owned by plaintiff Joseph Petrizzo was damaged herein, depreciated in value, caused to incur storage and rental costs, and she has lost the use and service thereof all to her damage.*

*4. At the time and place aforesaid, defendants John Doe 1-5 and ABC Corporation 1-5 (names being fictitious as true identities are unknown) contributed to the happening of the subject accident.*

*WHEREFORE, plaintiff Joseph Petrizzo demands judgment against the defendants and each of them for damages, interest and costs of suit on the Second Count.*

## JURY DEMAND

*Plaintiff herein demands trial by jury as to all issues of the within Complaint.*

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, MICHAEL A. PERCARIO, ESQ. has been designated as trial counsel in the within matter.

Dated: December 31, 2024

PERCARIO NITTI & STRUBEN

By: _____

**MICHAEL A. PERCARIO,**
**Attorney for plaintiff(s)**

## DEMAND FOR INSURANCE INFORMATION

Plaintiff hereby demands that defendants furnish to the undersigned certified true copies of any and all policies of insurance which were in effect on the date of the accident herein which may satisfy part or all of any judgment which may be entered in this accident, or which may indemnify or reimburse for payments made to satisfy the judgment.

## DEMAND FOR ANSWERS TO UNIFORM & SUPPLEMENTAL INTERROGATORIES

Pursuant to R.4:17-1, plaintiff hereby demands answers to Uniform Interrogatories Form C and the attached Supplemental Interrogatories within sixty (60) days of the filing of defendants' Answer to this Complaint.

Dated: December 31, 2024

PERCARIO NITTI & STRUBEN

By:

MICHAEL A. PERCARIO,
Attorney for plaintiff(s)

## CERTIFICATION

The undersigned certifies and says he is an attorney at law of the State of New Jersey and is attorney for plaintiff in the within matter.  The within matter is not the subject of any other litigation or arbitration proceeding.

Dated: December 31, 2024

PERCARIO NITTI & STRUBEN

By:

MICHAEL A. PERCARIO,
Attorney for plaintiff(s)

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to R.4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within thirty (30) days as prescribed by Rules of Court. Additionally, please be advised that the following requested are continuing and ongoing in nature and the defendant is therefore required to continuously update its response thereto as new information or documentation.

1. **The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.**

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident

*scene of anything else relevant to the incident in question.*

*4.    Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.*

*5.    Copies of any and all documentation, including but not limited to, and contracts between the owner of the property or product involved in the incident in question and any of the parties involved.*

*6.    Copies of any and all contracts between any of the parties involved in the incident in question*

*7.    Copies of any and all documentation concerning any lease agreements between the lessor (s) and the lessee(s) concerning the incident in question.*

*8. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in*

question or any potential defense to the action in question.

9. Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

10. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

11. Copies of any and all discovery received from any other parties to the action in question.

12. Copies of any and all reports of the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

13. Copies of any and all reports and/or other investigations performed by O.S.H.A. or any other investigative authority.

14. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

15.   Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

16.   A list of employees present at the job site or accident site their names, addresses and job titles.

17.   The reports of any and all medical experts who have reviewed and/or performed any examinations in regard to any aspect of this case on behalf of defendant or defendant's attorney and who have submitted either oral or written report to defendant or defendant's attorney.   In event a report was oral; provide a complete summary of said report.

18.   If any motor vehicle violations/summons or any other summons or complaint was issued in connection with this accident or incident, provide copies of any Municipal Court plea dispositions or transcripts relating thereto.

19.   Copies of any drawings or diagrams of the accident scene.

20.   Complete and legible copies of all complaints (lawsuits) filed against these defendants within five years prior to the incident which gives rise to this action, which complaints alleged negligent maintenance of this defendant's premises.

21. Any and all electronic media documents, links, sites, or entries relating to any party or witness in the subject matter that counsel intends to rely upon and use for deposition or trial.

22. With respect to all expert witnesses and expert reports, in the event your expert cites or relies on articles, textbooks, literature, published treatises or any external source in rendering his or her opinions per *N.J.R.E.* 803(c)(18) or otherwise, provide copies of said documents.

Please be advised that plaintiff hereby objects to the taking of any photographs, x-rays, or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

Dated: December 31, 2024

**PERCARIO NITTI & STRUBEN**

By: _____

**MICHAEL A. PERCARIO,**
**Attorney for plaintiff(s)**

## SUPPLEMENTAL INTERROGATORIES (MVA)

1.　　State the names and addresses of any and all proposed expert witnesses and attach true copies of all written reports provided to you by any such proposed expert witnesses. With respect to all expert witnesses, including treating physicians, who are expected to testify at trial and with respect to any person who has conducted an examination pursuant to Rule 4:19, who may testify, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you. If a report is not written, supply a summary of any oral report provided to you. State the subject matter on which your experts are expected to testify and a summary of the grounds for each opinion. If any expert witness will refer to medical literature in trial testimony, identify each such piece and provide a complete and legible copy (ies).

2.　　Did the operator of your vehicle see the vehicle with which it collided at any time prior to the moment of impact, estimating in feet the distances the respective vehicles were from to point of impact when the operator of your vehicle first saw the vehicle with which it collided.

3.　　State as accurately as you can the speed of the respective vehicles when the operator of your vehicle first saw the vehicle with which it collided.

4.　　Did the operator of your vehicle apply the brakes at any time prior to the impact, estimating in feet the distance from the point of impact the brakes were applied and the length, direction and location of any tire or skid marks.

5.　　State as accurately as you can the speed of the vehicles at the time of impact.

6.　　Describe any obstructions or impediments at or near the scene of the accident that interfered with the visual observations of any of the drivers involved in the accident, with particularity as to their location, size and manner in which they interfered with vision.

7.　　At the time of the accident were you in the course of your employment or otherwise performing a task in any way related to your job?

8.　　If you allege that this accident was caused in part by a physical condition or defect of any of the drivers involved in the accident, describe fully what, if anything you experienced or observed with regard to that condition or defect.

9.      Did the operator, owner or occupants of your vehicle consume any medication, drugs, and/or alcoholic beverages within a 12-hour period immediately preceding the happening of the accident, indicating the name of the person, kind of medication, drug and/or alcohol taken, the dose, quantity or amount consumed and when and where each of the medication, drug and/or alcohol was consumed.

10.     Where were you coming from prior to the accident and where were you going to prior, to had the accident not occurred?

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: _____          _____

# EXHIBIT D

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Kenneth R. Foreman, Esq. (032641994)
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel: (973) 577-6267
Fax: (973) 577-6261
Attorneys for Defendant, Hurricane Express, Inc, improperly pled as Hurricane Express

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH PETRIZZO<br><br>                 Plaintiff,<br><br>vs.<br><br>HURRICANE EXPRESS, PERRY HOWARD LEMONYE, JONATHAN LIMITED, JOHN DOE 1-5 and ABC CORP. 1-5 (names being fictitious as true identities are unknown at this time)<br><br>                 Defendants. | Civil Action No.: |

### CERTIFICATION OF REMOVAL

I, Deborah Vanstory, being first duly sworn on oath, under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, certify that the statements set forth herein are true and correct and that, if called upon to testify in the above-captioned case, I could competently testify to the following statements based on my personal knowledge.

1.      I am the Director of Risk Management for Hurricane Express, Inc., ("Hurricane") a trucking company located in Colcord, Oklahoma.

2.      In my position as Hurricane's Director of Risk Management, I have become familiar with the history, organization and activities of Hurricane, a company that is engaged in the business of providing trucking services.

3. Hurricane is a company that is organized and existing under the laws of Oklahoma.

4. Hurricane's principal place of business is located in Colcord, Oklahoma.

5. Hurricane's offices are located in Colcord, Oklahoma.

6. I have reviewed the Complaint in this matter, which generally alleges that the plaintiff suffered personal injuries resulting from an August 27, 2024 motor vehicle collision with a vehicle operated by Perry Howard.

7. On August 27, 2024, while engaged in the activity described in the Complaint, Mr. Howard was an independent contractor operating a tractor trailer, using Hurricane Express' USDOT motor carrier number as agreed in in his independent contractor agreement with Hurricane Express.

8. I reviewed the agreement Mr. Howard had with Hurricane Express and note that Mr. Howard was a resident of Henderson, Nevada.

9. I am familiar with Jonathan Ltd. Their principal place of business and offices are located in Oklahoma.

Deborah Vanstory, Director of Risk Management
Hurricane Express, Inc.

2/4/2025
Dated:

150485216.1                           2